PHILLIP A. TALBERT
United States Attorney
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

FILED
Aug 29, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:24-CR-00209-KES-BAM |
|---|---|
| Plaintiff, | 21 U.S.C. § 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute AB-CHMINACA and MDMB-4en-PINACA, commonly referred to as "Spice"; 18 U.S.C § 1791(a)(2), (b)(2) – Inmate Obtaining or Attempting to Obtain a Controlled Substance; 18 U.S.C § 1791(a)(1), (b)(2) – Providing or Attempting to Provide an Inmate with Controlled Substance; 21 U.S.C. § 853(a) – Criminal Forfeiture |
| v. | |
| JAMAR JONES, STEPHANIE FERREIRA, and JERMEN RUDD III | |
| Defendants. | |

I N D I C T M E N T

INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Indictment, United States Penitentiary Atwater ("USP Atwater") was a federal penitentiary of the United States Bureau of Prisons located in Merced County in the State and Eastern District of California.

2. USP Atwater was a "prison" as defined in 18 U.S.C. § 1791(d)(4).

3. In July and August 2024, Defendant JAMAR JONES was an inmate at USP Atwater.

4. USP Atwater established a screening protocol for incoming mail to detect and remove contraband—that is, items that were illegal or not allowed in federal penitentiaries.

5. "Legal mail" is a special class of mail in federal penetiaries including USP Atwater. Legal mail involves correspondence from or to an inmate's legal counsel. Because this mail may

1  contain important legal documents, it is subject to different screening procedures than ordinary mail.

2       6.     USP Atwater policy requires that staff members may only open a parcel of legal mail in
3  the presence of the inmate to whom the mail is addressed.

4       7.     AB-CHMINACA and MDMB-4en-PINACA were Schedule I controlled substances.
5  These substances are sythnetic cannabinoids, made to mimic the chemical affects of the active chemical
6  ingredient in marijuana. Synthetic cannabinoids are sold illegally under a variety of street names.  One
7  of the most common street names for synthetic cannabinoids is "Spice."

8       8.     On July 13, 2024, and again on July 15, 2024, defendant JONES directed defendant
9  FERREIRA via an inmate telephone call to contact defendant RUDD and request that RUDD send
10 JONES narcotics.

11      9.     FERREIRA later contacted RUDD and explained to RUDD how to send mail to the
12 prison as certified legal mail so that it would not be intercepted by prison authorities.

13      10.     Thereafter, RUDD prepared narcotics-laced papers by soaking sheets of paper in a liquid
14 narcotics solution.

15      11.     On July 19, 2024, RUDD drove to a post office in Wentzville, Missouri with narcotics-
16 laced papers in a parcel labeled as legal mail addressed to JAMAR JONES at USP Atwater and mailed
17 the parcel to JONES.

18      12.     On July 25, 2024, JAMAR JONES received the narcotics-laced parcel RUDD mailed on
19 July 19, 2024.

20      13.     On July 26, 2024, JAMAR JONES called STEPHANIE FERREIRA and directed her to
21 have JERMEN RUDD send another parcel of narcotics-laced mail.

22      14.     Thereafter, FERREIRA contacted RUDD and requested he send an additional parcel of
23 narcotics.

24      15.     Thereafter, RUDD prepared narcotics-laced papers by soaking sheets of paper in a liquid
25 narcotics solution containing a detectable amount of AB-CHMINACA and MDMB-4en-PINACA.

26      16.     On August 6, 2024, RUDD drove to a post office in Wentzville, Missouri with narcotics-
27 laced papers containing a detectable amount of AB-CHMINACA and MDMB-4en-PINACA.  RUDD
28 placed the narcotics-laced papers in a parcel labeled as legal mail addressed to JAMAR JONES at USP

Atwater. RUDD mailed the parcel to JONES.

17. On August 9, 2024, the parcel with the narcotics-laced papers arrived at USP Atwater. It was routed to the mailroom.

18. At 11:36 A.M., Victim 1, a correctional officer and the mailroom supervisor, opened the parcel containing narcotics-laced papers and removed the papers from the envelope. The papers were obviously impregnated with a foreign substance. Victim 1 made a photocopy of the narcotics-laced papers and then handed the papers to Victim 2, another correctional officer assigned to the mailroom.

19. Victim 1 and Victim 2 immediately began to feel ill. At approximately 11:50 A.M., correctional officers called for a medical evaluation of Victim 1.

20. Medical staff saw Victim 1 at approximately 12:00 P.M. At approximately 12:06 P.M., medical staff requested an ambulance for Victim 1.

21. At approximately 12:23 P.M., ambulance staff contacted Victim 1 at USP Atwater. The ambulance left USP Atwater with Victim 1 at approximately 12:39 P.M. to transport Victim 1 to a local hospital.

22. At 12:56 P.M., ambulance staff observed Victim 1's muscles tense, at which point he fell unconscious. Monitoring equipment registered that Victim 1 had no pulse. Ambulance staff, and later hospital staff, attempted to resuscitate Victim 1. Those efforts were unsuccessful, and Victim 1 died.

**[Remainder of page intentionally left blank.]**

COUNT ONE: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute AB-CHMINACA and MDMB-4en-PINACA, Commonly Referred to as Spice]

The Grand Jury charges:

JAMAR JONES,
STEPHANIE FERREIRA, and
JERMEN RUDD III,

as follows:

23. The allegations contained in paragraphs 1 through 22 of this Indictment are re-alleged and incorporated herein by reference.

24. Beginning on a date unknown to the Grand Jury, but no later than on or about July 13, 2024, and continuing through on or about August 9, 2024, in the County of Merced, State and Eastern District of California, and elsewhere, the defendants, JAMAR JONES, STEPHANIE FERREIRA, and JERMEN RUDD III, and others known and unknown to the Grand Jury, did conspire and agree with each other to knowingly and intentionally distribute and possess with intent to distribute AB-CHMINACA and MDMB-4en-PINACA, commonly referred to as "Spice," all in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

25. It is further alleged that JAMAR JONES had been previously convicted of a serious drug felony, to wit Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 846, on or about November 10, 2020, in the Southern District of Indiana.

26. It is further alleged that JERMEN RUDD III had been previously convicted of a serious drug felony, to wit Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1), on or about October 29, 2013, in the Eastern District of Missouri.

COUNT TWO: [18 U.S.C. § 1791(a)(2), (b)(2) – Inmate Obtaining or Attempting to Obtain a Controlled Substance]

The Grand Jury further charges:

JAMAR JONES,

as follows:

27. The allegations contained in paragraphs 1 through 22 of this Indictment are re-alleged

and incorporated herein by reference.

28. On or about August 9, 2024, in the County of Merced, in the State and Eastern District of California, and elsewhere, the defendant, JAMAR JONES, being an inmate of a prison, the United States Penitentiary at Atwater, did knowingly obtain or attempt to obtain a prohibited object.

29. It is further alleged that the prohibited object contained a detectable amount of AB-CHMINACA and MDMB-4en-PINACA, Schedule I controlled substances, commonly referred to as "Spice."

All in violation of Title 18, United States Code, Sections 1791(a)(2) and (b)(2).

COUNT THREE: [18 U.S.C. § 1791(a)(1), (b)(2) – Providing or Attempting to Provide Inmate with a Controlled Substance]

The Grand Jury further charges:

STEPHANIE FERREIRA, and
JERMEN RUDD III,

as follows:

30. The allegations contained in paragraphs 1 through 22 of this Indictment are re-alleged and incorporated herein by reference.

31. On or about August 9, 2024, in the County of Merced, in the State and Eastern District of California, and elsewhere, the defendants, STEPHANIE FERREIRA and JERMEN RUDD III, knowingly provided or attempted to provide in violation of a statute or rule or order issued under a statute, a prohibited object, specifically a Schedule I Controlled Substance, to an inmate of a prison, the United States Penitentiary at Atwater.

32. It is further alleged that the prohibited object contained a detectable amount of AB-CHMINACA and MDMB-4en-PINACA, Schedule I controlled substances, commonly referred to as "Spice."

All in violation of Title 18, United States Code, Sections 1791(a)(1) and (b)(2).

FORFEITURE ALLEGATION:    [18 U.S.C. § 21 U.S.C. § 853(a) – Criminal Forfeiture]

33. Upon conviction of the offenses alleged in Count One, defendants JAMAR JONES, STEPHANIE FERREIRA, and JERMEN RUDD III shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

    a. All right, title, and interest in any and all property involved in violation of Title 21, United States Code, Section 841(a)(1), or conspiracy to commit such offense, for which defendants are convicted, and all property traceable to such property, including the following: all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offense; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offense.

    b. A sum of money equal to the total amount of proceeds obtained as a result of the offense, or conspiracy to commit such offense, for which defendants are convicted.

34. If any property subject to forfeiture, as a result of the offenses alleged in this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

**[Remainder of page intentionally left blank.]**

1  it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c),
2  incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of
3  the defendants, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

_____
FOREPERSON

PHILLIP A. TALBERT
United States Attorney

**HENRY Z. CARBAJAL for**
_____
KIMBERLY A. SANCHEZ
Assistant United States Attorney
Chief, Fresno Office

INDICTMENT

7